IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN P. CULBERTSON,

     Plaintiff,

     v.

JUDGE JASON BILLAM, et al.,

     Defendants.

Case No. 25-4049-JAR-TJJ

## MEMORANDUM AND ORDER

On May 8, 2025, Plaintiff Shawn P. Culbertson, proceeding pro se, filed a Complaint alleging claims arising out of an ongoing case in Johnson County, Kansas District Court: *Angela Weisser-Flores v. Shawn Culbertson*, Case No. 23CV01884, which concerns Plaintiff's paternity, custody, and child support of a minor child.[1]  Plaintiff asserts civil rights claims under federal law against the presiding judge, opposing counsel, the Kansas Department of Children and Families ("DCF"), a state court clerk's office employee, and the mother of his child.  He has since filed a First Amended Complaint.[2]

Before the Court are Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5), Motion for Emergency Hearing on Temporary Restraining Order Via Zoom Or With Accommodations Due to Plaintiff's Indigent Status (Doc. 6), and Amended Supplemental Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction to Enjoin Mark Altenbernt, Dean Garland, and the June 9, 2025[] Hearing (Doc. 7).

---

[1] Doc. 1.  Plaintiff is directed to Fed. R. Civ. P. 5.2 and the Court's Administrative Procedures, which require litigants to modify minor names by using the minor's initials.  Here, the Court refers to the minor, when necessary, as "E."

[2] Doc. 10.

In these motions, and in the most recently filed First Amended Complaint, Plaintiff seeks to enjoin: (1) a May 19, 2025 hearing set in the state-court case; (2) enforcement of a $666 child-support order; (3) threats of incarceration, harassment, and privacy violations; (4) a June 9, 2025 DCF hearing related to the enforcement of the child-support order; and (5) further denial of Plaintiff's First Amendment right to religious access to E.C. by affirming a proposed child-custody schedule and "encouraging voluntary amendment by Weisser-Flores."[3]  Plaintiff also asks the Court to restore his driver's and professional licenses that were "suspended by Hilleary without notice, causing unemployment," declare the current child-support order void, and order a settlement conference to recalculate child support.[4]

On May 9, 2025, presiding Magistrate Judge Teresa J. James granted Plaintiff's motion to proceed in forma pauperis, but ordered that service of summons and the Complaint be withheld until she is able to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).[5]  This Court has reviewed Plaintiff's filings and is prepared to rule on his motion for an emergency hearing and for a temporary restraining order.  For the reasons set forth below, Plaintiff's motions are denied.

## I.    Standards

Fed. R. Civ. P. 65(b)(1) governs when a temporary restraining order ("TRO") can be issued by the Court without notice to the adverse parties:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[3] Doc. 10 at 61.

[4] *Id.* at 60.

[5] Doc. 8.

> (B) the movant's attorney certifies in writing any efforts
> made to give notice and the reasons why it should not be
> required.

A TRO preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.[6] The Court applies the same standard governing issuance of preliminary injunctions.[7] Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[8] This standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."[9]

Because Plaintiff proceeds pro se, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[11] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[12] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

---

[6] *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.,* 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001).

[7] *See Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018).

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[9] *Id.* at 22.

[10] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[13] *Whitney*, 113 F.3d at 1175.

## II.    Discussion

With these standards in mind, the Court turns to Plaintiff's motions for emergency relief. First, Plaintiff seeks an emergency hearing without notice to Defendants, but the record reflects that he has indeed served Defendants with all of the pleadings and with the motions for injunctive relief and hearing, as evidenced by his Certificates of Service.  Thus, Rule 65(b), which only applies when a motion seeks relief without providing notice of the motion to the other side, does not apply.

Additionally, in order to obtain injunctive relief, Plaintiff must demonstrate a likelihood of success on the merits of his case.  In the First Amended Complaint, Plaintiff asserts several claims under 42 U.S.C. §§ 1983 and 1985 for constitutional violations by parties involved in the state court action, which he advises has upcoming hearing dates set for May 19 and June 9, 2025, which he seeks to enjoin.  He asserts federal-question jurisdiction under 28 U.S.C. § 1331.[14]

Despite Plaintiff's attempts to preempt defenses in his pleadings, the Court finds that it is highly likely that the *Younger* abstention doctrine[15] precludes the Court from exercising jurisdiction and interfering with the pending state-court proceedings to which Plaintiff is a party; therefore, Plaintiff has not demonstrated a likelihood of success on the merits.[16]  And, to the

---

[14] Plaintiff's most recent pleading, the First Amended Complaint, states that "[a]ll claims presented here arise under federal law, federal questions and damages there within.  Any state matters, including jurisdictional defects, improper venue, and conduct by 10th Judicial District officials (e.g., Judge Jason Billam, Michael Hilleary and Dawn Albers), will be addressed through appropriate proceedings before the Kansas Supreme Court."  Doc. 10 at 17–18.  Yet, later, he states that the Court also has supplemental jurisdiction for state-law claims, including fraud and intentional infliction of emotional distress.  *Id.* at 42, 53.

[15] *Younger v. Harris*, 401 U.S. 37 (1971).

[16] Under Fed. R. Civ. P. 12(h)(3), the Court is required to dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction."  And under 28 U.S.C. § 1915(e)(2), which applies because Plaintiff proceeds in forma pauperis, the Court must dismiss the case at any time if it determines that it fails to state a claim upon which relief may be granted, or that Plaintiff seeks monetary relief from a Defendant that is immune.  Judge James will consider these issues separately, as she explained in her order granting Plaintiff leave to proceed in forma pauperis.  *See* Doc. 8 at 2.

extent the state-court matter is no longer ongoing, the Court finds that the *Rooker-Feldman* doctrine would likely apply because Plaintiff effectively asks this Court to act as an appellate court over the family-law issues decided in state court.

Plaintiff seeks injunctive relief that includes staying a hearing in the state court case set for May 19, staying a DCF hearing related to the child-support award made in that case, declaring void the state court's child-support order, requiring a certain child-custody schedule, and requiring that Court to restore his driver's and professional licenses and order a settlement conference to recalculate child support.  This relief is clearly part of the state-court case to which Plaintiff is a party, and it fits within one of the three types of state-court proceedings that the Supreme Court has found warrant application of *Younger*—a pending civil proceeding that involves orders that are "uniquely in furtherance of the state court['s] ability to perform [its] judicial functions."[17]

Moreover, "the relief requested from the federal court would enjoin or otherwise interfere with such proceedings."[18]  Plaintiff's requested relief seeks to interfere with state-court hearings, child-support orders, and custody schedules that would interfere with the state court's judicial process.  Because Plaintiff's requested injunctive relief would "directly or indirectly thwart state court compliance processes" this case likely presents the kind of "extraordinary circumstances" that require abstention.[19]

For *Younger* abstention to apply, there must also be "an ongoing state judicial . . . proceeding, the presence of an important state interest, and an adequate opportunity to raise

---

[17] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)) (providing categories of cases to which *Younger* abstention applies).

[18] *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 672 (10th Cir. 2020).

[19] *See id.*

federal claims in the state proceedings."[20]  Based on the limited record before the Court, it appears that there is an ongoing state case;[21] the state court provides an adequate forum to hear Plaintiff's constitutional claims, such as challenges to that court's jurisdiction and procedures;[22] and Kansas has a strong interest in child custody and support issues in the state.[23]

To the extent the state proceeding is no longer ongoing, Plaintiff's claims likely seek to undo relief granted by the state court, and therefore the *Rooker-Feldman* doctrine would apply.[24] "[T]he *Rooker-Feldman* doctrine precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'"[25]  All of Plaintiff's requested injunctive relief is inextricably intertwined with the state-court orders—the state court or DCF has set upcoming hearings that Plaintiff seeks to enjoin, the court has made child support and custody or visitation decisions that Plaintiff seeks to alter or enjoin, and apparently opposing counsel has done something in the context of that case that implicated Plaintiff's driver's and professional licenses, which he seeks to reverse.[26]  This Court declines to review those proceedings in the manner demanded by Plaintiff, as it would clearly be in the capacity of a reviewing court and therefore squarely prohibited under the *Rooker-Feldman* doctrine.[27]

---

[20] *Planned Parenthood of Kan. v. Anderson*, 882 F.3d 1205, 1221 (10th Cir. 2018) (quoting *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah*, 790 F.3d 1000, 1008 (10th Cir. 2015)).

[21] Indeed, Plaintiff seeks to enjoin an upcoming hearing in that matter.

[22] *See, e.g., Escalante v. Escalante*, No. 23-CV-2176, 2023 WL 11872503, at *2 (D. Kan. Oct. 30, 2023).

[23] *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern.").

[24] *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).

[25] *Id.* (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006))).

[26] Plaintiff asserts in a recent filing that this Court can still issue injunctive relief with respect to Mark Altenbernt and Dean Garland, but neither individual is named as a party to this suit.  The only way this Court could enjoin a non-party is if Plaintiff shows that they are "in active concert or participation with" a party or an officer, agent, servant, employee, or attorney of a party.  Fed. R. Civ. P. 65(d)(2)(C).

[27] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court

In sum, this Court's review of the record demonstrates that this is likely one of the exceptional circumstances to which *Younger* abstention applies, requiring the Court to abstain from exercising jurisdiction in this matter. If Plaintiff is correct and the state-court matter is no longer ongoing, the Court determines it likely that the action is barred by the *Rooker-Feldman* doctrine. "If the Court lacks jurisdiction, "it forecloses any finding of substantial likelihood of success on the merits."[28] The Court therefore denies Plaintiff's motions for injunctive relief and for an emergency hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5), Motion for Emergency Hearing on Temporary Restraining Order Via Zoom Or With Accommodations Due to Plaintiff's Indigent Status (Doc. 6), and Amended Supplemental Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction to Enjoin Mark Altenbernt, Dean Garland, and the June 9, 2025[] Hearing (Doc. 7) are **denied**.

**IT IS SO ORDERED.**

Dated: May 12, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

[28] *Fisher v. Lynch*, No. 07-2154, 2007 WL 2225943, at *5 (D. Kan. July 31, 2007) (finding lack of jurisdiction over case where injunctive relief would function as a child-custody decree prevents finding that the plaintiff was likely to succeed on the merits).