**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHAWN CULBERTSON,                       )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case No. 25-cv-4049-JAR-TJJ
                                        )
                                        )
JASON BILLAM, et al.,                   )
                                        )
                    Defendants.         )

**ORDER**

Before the Court is Plaintiff's Motion to Withdraw and Substitute Redacted and Amended Complaint Pursuant to FRCP 15(a)(2) and 60(a) (ECF No. 17).  Plaintiff's motion, contained only on the first page of the filing, requests the Court grant Plaintiff leave to file an amended complaint. The remainder of the 14-page filing contains sections that appear outline Plaintiff's proposed second amended complaint, and a response to Defendant Kansas Department for Children and Families' Motion to Dismiss (ECF No. 14).  For the following reasons, the Court denies Plaintiff's Motion to Withdraw and Substitute Redacted and Amended Complaint Pursuant to FRCP 15(a)(2) and 60(a)[1] without prejudice.

First, Plaintiff states amendment is necessary to redact all references to his minor son's full name in the Complaint.  Though Fed. R. Civ. P. 5.2(a)(3) does require minors' full names be omitted from the pleadings, amendment of the pleadings is not necessary to accomplish this task. Plaintiff may, in accordance with D. Kan. R. 5.4.2, seek permission to redact his First Amended Complaint to remove his minor son's full name.

---

[1] Fed. R. Civ. P. 60(a) pertains to requests for relief from judgment or order and is not relevant to Plaintiff's request to amend his complaint.  Therefore, the Court need not address rule 60(a) here.

Next, Plaintiff's motion fails to comply with D. Kan. R. 15.1(a)(2).[2] D. Kan. R. 15.1(a)(2) requires a party to "attach the proposed pleading or other document" when filing a motion to amend. Plaintiff has not attached a proposed pleading but has instead filed one document containing different sections that appear to outline his motion to amend, proposed second amended complaint, and response to Defendant Kansas Department of Children and Families' Motion to Dismiss. The Court is unable to separate these documents into separate filings for Plaintiff; he must file his documents in accordance with this District's Local Rules. This requires filing of a motion to amend, with the proposed amendment attached as a separate document that sets forth each claim the plaintiff intends to bring.[3]

Finally, Plaintiff states he "attempted consultation with opposing counsel per D. Kan. Rule 7.1(b), but no response was received." Though summonses have not been issued in this matter, the Kansas Department for Children and Families responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss on May 14, 2025 (ECF No. 14). Plaintiff and counsel for the Kansas Department of Children and Families are reminded that they have a duty to confer and are encouraged to attempt to resolve their issues prior to resorting to judicial intervention.[4]

**IT IS THEREFORE ORDERED** that the Motion to Withdraw and Substitute Redacted and Amended Complaint Pursuant to FRCP 15(a)(2) and 60(a) is DENIED WITHOUT

---

[2] "[F]ailure to comply with Local Rule 15.1 is alone sufficient to deny leave to amend." *Eravi v. City of Lawrence, Kan.*, No. 5:23-cv-4109-JAR-GEB, 2024 WL 3360447, at *5 (D. Kan. July 9, 2024).

[3] *See Borsody v. FedEx Ground*, No. 24-2073-HLT-ADM, 2024 WL 4332074, at *2 (D. Kan. Sept. 27, 2024) (finding plaintiff's filing of a motion to amend containing the proposed amendments in the body of the motion, rather than a separate attached pleading, did not comply with D. Kan. R. 15.1 and the motion "cannot stand in for a separate, comprehensive amended pleading").

[4] *Wetherill v. Bank IV Kansas, N.A.*, No. CIV.A. 96-2159-GTV, 1996 WL 297326, at *1 (D. Kan. May 29, 1996) ("When a moving party has failed to comply with a conference requirement of the Federal Rules of Civil Procedure, the court will not entertain the motion, even when uncontested.").

PREJUDICE.  If Plaintiff desires to request permission to file a Second Amended Complaint he

must do so in accordance with the Federal Rules of Civil Procedure and Local Rules of this District.

**IT IS SO ORDERED.**

Dated July 15, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge