IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN P. CULBERTSON,

    Plaintiff,

    v.                                            Case No. 25-4049-JAR-TJJ

JUDGE JASON BILLAM, et al.,

    Defendants.

## MEMORANDUM AND ORDER

On May 8, 2025, Plaintiff Shawn P. Culbertson, proceeding pro se and in forma pauperis, filed a Complaint alleging claims arising out of an ongoing case in Johnson County, Kansas District Court: *Angela Weisser-Flores v. Shawn Culbertson*, Case No. 23CV01884, which concerns Plaintiff's paternity, custody, and child support of a minor child. Plaintiff asserts civil rights claims under federal law against the presiding judge, opposing counsel, the Kansas Department of Children and Families ("DCF"), a state court clerk's office employee, and the mother of his child. He has since filed a First Amended Complaint.[1] Now before the Court is Defendant DCF's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14). The motion is fully briefed, and the Court is prepared to rule.[2] For the reasons stated below, the Court grants in part and denies in part DCF's motion.

---

[1] Doc. 10.

[2] The Court liberally construes Plaintiff's filing captioned "Motion to Withdraw and Substitute Redacted and Amended Complaint Pursuant to FRCP 15(a)(2) and 60(a)(2)" (Doc. 17) as including a response to DCF's motion to dismiss. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

I.      **Motion to Strike Amended Complaint**

As an initial matter, the Court addresses DCF's request in its motion to dismiss that the Court strike Plaintiff's Amended Complaint for failure to redact his minor child's name. Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[3]

DCF is correct that Fed. R. Civ. P. 5.2(a)(3) requires that minors' full names be redacted in court filings. And this Court's local rule, D. Kan. Rule 5.4.2, allows a party to seek permission to file a redacted document to comply with this privacy policy. Indeed, the Clerk notified Plaintiff on May 12, 2025, by mail that his Amended Complaint violated the redaction rule and requested a redacted copy of the pleading. Judge James recently denied Plaintiff's motion to amend to add redactions because it was not necessary for the sole purpose of adding redactions to his existing pleading. Plaintiff has still not submitted a redacted version of the Amended Complaint to be substituted in the case file.

The Court hereby sets a deadline of September 12, 2025, for Plaintiff to submit a redacted version of his Amended Complaint (Doc. 10) to the Court by email at ksd_robinson_chambers@ksd.uscourts.gov. Failure to submit a redacted version of the Amended Complaint by this deadline may result in the Court striking the pleading.

---

[3] *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005) (quoting *Nwakpuda v. Falley's, Inc.*, 114 F. Supp. 2d 1213, 1215–16 (D. Kan. 1998)).

## II. Motion to Dismiss

### A. Amended Complaint

Plaintiff's Amended Complaint spans 77 pages and is, at times, difficult to decipher. He submits legal arguments and authorities in the first ten pages before listing the Defendants, factual allegations against each, and his legal claims. He includes repetitious and sometimes inconsistent claims and allegations.

Setting aside his legal arguments and citations that are generally not appropriate in pleadings, Plaintiff alleges that DCF "implemented policies under color of law that alienated [E.C.] and violated Plaintiff's rights."[4] Specifically, Plaintiff alleges that DCF: (1) enforced a fraudulent child support order without evidence or a hearing; (2) scheduled a hearing on June 9, 2025 in retaliation for Plaintiff's federal civil rights suit; (3) harassed, mocked, and alienated him from his minor child; (4) communicated with a laundry list of organizations and state agencies that in turn caused Plaintiff financial hardship, unemployment, and alienation from his minor child; (4) refused to provide him with metadata for communications with Defendant Michael Hillaery; and (5) conducted an ex parte conference with Hilleary in January 2025.

Plaintiff asserts claims for relief against DCF under 42 U.S.C. § 1983 for violations of his First, Fifth, and Fourteenth Amendment rights; under 42 U.S.C. § 1985 for conspiracy to violate his civil rights; and under Kansas law for fraud and intentional infliction of emotional distress. Plaintiff's prayer for relief includes requests for declaratory judgment, preliminary and permanent injunctive relief, compensatory damages, punitive damages, and attorney fees and costs.

---

[4] Doc. 10 at 20.

B.	**Standards**

DCF first moves to dismiss on the basis of Eleventh Amendment immunity. When a defendant raises Eleventh Amendment immunity in a motion to dismiss, it implicates this Court's subject matter jurisdiction and, thus, arises under Fed. R. Civ. P. 12(b)(1).[5] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[6] Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States or where there is diversity of citizenship.[7] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[8] The party asserting the existence of federal subject matter jurisdiction bears the burden of establishing that such jurisdiction exists.[9]

DCF also moves to dismiss under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[10] and include "enough facts to state a claim to relief that is plausible on its face."[11] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than

---

[5] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).

[6] *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

[7] 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity of citizenship).

[8] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[9] *Id.*

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Id.* at 570.

"a sheer possibility."[12]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[13]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[14]

Because Plaintiff proceeds pro se, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15]  Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[16]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[17]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[18] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678.

[15] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Id.*

[18] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[19] *Whitney*, 113 F.3d at 1175.

### C. Federal Claims

The Eleventh Amendment bars "unconsented suits in federal court against a state and arms of the state."[20]  Sovereign immunity does not apply when a state waives its immunity, and in some circumstances, Congress may abrogate states' sovereign immunity by appropriate legislation.[21]  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[22]  A valid waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."[23]  Similarly, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[24]  The Tenth Circuit has explained that "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states."[25]

DCF is an arm of the State of Kansas.[26]  Because there has been no waiver or valid abrogation by the State of Kansas for claims against it under §§ 1983 and 1985, the Court must dismiss these claims against DCF on the basis of sovereign immunity.  Plaintiff responds that because he seeks prospective injunctive relief to halt ongoing violations, the *Ex Parte Young* doctrine applies and permits his suit against DCF.  Plaintiff misunderstands the reach of the *Ex Parte Young* exception to sovereign immunity.  Under this exception, "a plaintiff may sue

---

[20] *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009).

[21] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011).

[22] *Id.* at 254.

[23] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

[24] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 786 (1991)).

[25] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)).

[26] *See, e.g.*, *Hobbs v. Kansas Dep't for Child. & Fams.*, No. 19-1307, 2021 WL 1390380, at *1 (D. Kan. Apr. 13, 2021) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief."[27]  "Although the *Ex Parte Young* doctrine permits suits against officials, it 'has no application in suits against the States and their agencies, which are barred regardless of the relief sought.'"[28]  The exception only applies if the complaint "(i) seek[s] only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) [is] aimed against state officers acting in their official capacities, rather than against the State itself."[29]  Here, Plaintiff names a state agency, not a state official, so the *Ex Parte Young* doctrine does not apply even if Plaintiff is seeking prospective relief for ongoing violations.  Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's federal claims against DCF.  And because the Court lacks jurisdiction, it need not reach DCF's alternative basis for dismissal of his federal claims under Fed. R. Civ. P. 12(b)(6).

### D.   State Law Claims

#### 1.   Supplemental Jurisdiction

DCF urges the Court to decline supplemental jurisdiction over Plaintiff's remaining state law claims.  Whether to exercise supplemental jurisdiction over state law claims is committed to the Court's sound discretion.[30]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness,

---

[27] *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021).

[28] *Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1251 (10th Cir. 2017).

[29] *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1146–47 (D. Kan. 2019).

[30] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).

and comity.'"[31]  Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[32]  "When 'the parties have already expended a great deal of time and energy on the state law claims,' it is appropriate for the 'district court to retain supplemented state claims after dismissing all federal questions.'"[33]  "If, however, the parties have not shown they have spent a great deal of time on the state law claims, the 'district court should normally dismiss supplemental state law claims after all federal claims are dismissed.'"[34] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[35]  The Tenth Circuit has "repeatedly recognized that this is the preferred practice."[36]

In this case, all federal claims against DCF have been dismissed, but federal claims remain against the other Defendants.  And the state law claims are alleged against all Defendants.  In *Gorenc v. Proverbs*,[37] Judge Crabtree considered whether the Court may decline supplemental jurisdiction over the state law claims against a single Defendant when federal claims remain against others.  After an exhaustive survey of the law on this issue, the court concluded that the best interpretation of § 1367(c)(3) is that it "require[es] dismissal of all original jurisdiction claims against all defendants before" the Court can decline to exercise supplemental jurisdiction, so long as the state law claims are part of the same case or controversy

---

[31] *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

[32] *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir. 1995).

[33] *Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002)).

[34] *Id.* (quoting *Botefuhr*, 309 F.3d at 1273).

[35] *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[36] *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008).

[37] 462 F. Supp. 3d 1137, 1157–58 (D. Kan. 2020).

as the remaining federal claims.[38]  Here, the Court easily finds that Plaintiff's state law claims are part of the same case or controversy and, thus, it may not decline supplemental jurisdiction over them unless and until all federal claims against all parties are dismissed.

### 2. Failure to State a Claim

The Court therefore proceeds to determine if Plaintiff fails to state a claim on the remaining state law claims alleged against DCF.  The only basis cited by DCF for its 12(b)(6) motion is that the Amended Complaint violates Rule 8(a)'s "short and plain statement" requirement.  DCF complains that the pleading is too long, includes references to exhibits that are not attached, includes improper legal argument and citations, contains inconsistent and duplicative factual allegations, and is generally incoherent.

To be sure, Rule 8 requires a pleading to contain "a short and plain statement" of the basis for the Court's jurisdiction, the claims asserted, and the relief sought.[39]  And it requires that "[e]ach allegation . . . be simple, concise, and direct."[40]  "[I]n unusual cases an excessively lengthy complaint may be so confusing and disjointed as to warrant dismissal for failure to comply with Rule 8."[41]  The Court does not regard Plaintiff's Amended Complaint as falling into this category of unusual cases.  While it is certainly lengthy and contains legal arguments and citations that are not appropriately included in pleadings, once those references are disregarded, "it is eminently possible for persons of reasonable intelligence to discern from a reading of the complaint the nature of Plaintiff['s] claims, as the Court's short synopsis of those claims in the

---

[38] *Id.* at 1158.

[39] Fed. R. Civ. P. 8(a).

[40] Fed. R. Civ. P. 8(d)(1).

[41] *Triplett v. U.S. Dep't of Def.*, No. 11-2105, 2011 WL 1113551, at *1 (D. Kan. Mar. 24, 2011) (quoting *George v. Kraft Foods Global, Inc*., No. 06-798, 2007 WL 853998, at *3 (S.D. Ill. Mar. 16, 2007)).

introductory portion of this Order demonstrates."[42]  In this District, courts "focus on the quality and not exclusively on the tonnage of the complaint, i.e., whether the complaint provides adequate notice of plaintiff's claims."[43]  Here, as evidenced by the Court's rendition of the Amended Complaint and DCF's motion, the Amended Complaint, although overly long and including improper legal argument and citations, was sufficient to put the parties on notice of Plaintiff's theories of relief.  Thus, the Court denies DCF's motion to dismiss Plaintiff's state law claims under Rule 12(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant DCF's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14) is **granted in part and denied in part**.  DCF's motion to dismiss the federal claims is granted; its motion to dismiss the state law claims is denied.

**IT IS SO ORDERED.**

Dated: September 2, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[42] *George*, 2007 WL 853998, at *3 (collecting "unusual cases" dismissing under Rule 8).

[43] *Triplett*, 2011 WL 1113551, at *2 (quoting *Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576, 2003 WL 1562551, at *1–2 (D. Kan. Mar. 24, 2003)).